UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DIAZ, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:24-cv-01168 |
| ) | |
| v. ) | |
| ) | |
| PEOPLEREADY, INC., AND J.B. HUNT ) | |
| TRANSPORT, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**NOW COMES** David Diaz ("Plaintiff"), by and through his undersigned counsel, complaining of PeopleReady, Inc. ("People Ready") and J.B. Hunt Transport, Inc. ("J.B. Hunt") (collectively, "Defendants") as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") for sexual harassment, sex-based discrimination, and hostile environment.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Civil Rights Act of 1964 is a federal statute.

3. Venue in this district is proper under 28 U.S.C. §1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII have been satisfied.

5. Plaintiff filed a charge against People Ready alleging violations of Title VII with the Equal Employment Opportunity Commission ("EEOC") *See* attached Exhibit A.

6. Plaintiff received a Notice of Right to Sue from the EEOC as to People Ready and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

7. Plaintiff filed a charge against J.B. Hunt alleging violations of Title VII with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit C.

8. Plaintiff received a Notice of Right to Sue from the EEOC as to J.B. Hunt and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit D.

## PARTIES

9. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Will County, Illinois.

10. Defendant People Ready is a staffing agency that assigns its employees to perform services for third parties in different states, including Illinois. Defendant has facilities in Illinois and does business in Illinois.

11. Defendant J.B. Hunt is a prominent transportation and logistics company that operates a facility located in Bedford Park, Illinois, where Plaintiff was employed by J.B. Hunt.

12. Plaintiff was employed by Defendants as an "employee" as defined by 42 U.S.C §2000e(f).

13. At all times relevant, People Ready had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

14. At all times relevant, J.B. Hunt had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## FACTUAL ALLEGATIONS

15. Plaintiff was assigned by People Ready to work as a manager trainer at J.B. Hunt in September 2022.

16. People Ready maintained control and supervision over Plaintiff because as a staffing agency, People Ready was in control of finding job placements and job opportunities for Plaintiff, decided which jobs were presented and offered to Plaintiff, acted as a liaison between Plaintiff and J.B. Hunt, and communicated on behalf of Plaintiff.

17. Moreover, People Ready maintained control and supervision over Plaintiff because People Ready initially vetted Plaintiff for the specific skills and experience that J.B. Hunt needed to fill a critical internal role in J. B. Hunt's operations.

18. J. B. Hunt also exercised significant control and supervision over Plaintiff as Plaintiff worked in J.B. Hunt's facility under the supervision of J. B. Hunt managers.

19. Moreover, J.B. Hunt vetted and trained Plaintiff for the specific skills and experience that J.B. Hunt needed to fill a critical internal role in their operations.

20. J.B. Hunt assigned Plaintiff's day-to-day tasks and job responsibilities, supervised Plaintiff's duties, controlled and issued Plaintiff's schedule, bore the costs of operation of the facility in which Plaintiff worked, promulgated policies and procedures that Plaintiff was subject

3

to, and had the ability to determine the length of Plaintiff's job commitment.

21. Plaintiff met or exceeded Defendants' performance expectations during his joint employment with Defendants.

22. Plaintiff is male and is a member of a protected class because of his sex (male).

23. Other similarly situated employees outside of Plaintiff's protected class were not subject to the same disparate treatment as Plaintiff.

24. On or about November 11, 2022, Kurt Mueller (J.B. Hunt Yard Supervisor) began making inappropriate inquiries/comments about Plaintiff's private parts (penis).

25. Mr. Miller's inappropriate inquiries/comment were incessant and had no boundaries.

26. Specifically, in one incident, Mr. Miller made inquiries about Plaintiff's private parts to Plaintiff's wife (size and other physical characteristics of Plaintiff's penis).

27. Mr. Mueller continued making inappropriate inquiries/comments regarding Plaintiff's private parts Plaintiff on a daily basis.

28. Plaintiff's private parts became the central focus of Mr. Miller's conversations, and he even gave Plaintiff the derogatory nickname "Clifford" in reference to his private parts.

29. In one distasteful incident, Mr. Miller put Plaintiff on the schedule as "Clifford."

30. Plaintiff repeatedly reported Mr. Miller's abhorrent conduct to J.B. Hunt and People Ready.

31. In response to each complaint/report, Defendants failed to take any action, therefore subjecting Plaintiff to additional sexual harassment.

32. Defendants failed to take any action because Plaintiff is a male and Defendants fostered a workplace environment where males were expected to tolerate sexual harassment.

33. Specifically, sexual harassment complaints submitted by females were thoroughly addresses and investigated by Defendants while sexual harassment complaints submitted by males were ignored and trivialized.

34. On or around April 24, 2023, in an effort escape the pervasive sexual harassment, Plaintiff requested that People Ready transfer him to another comparable position.

35. In response to Plaintiff's reasonable request, People Ready offered him an assignment that paid significantly less (at least $400/week less).

36. Plaintiff did not accept the unfair assignment as he felt he was being punished for reporting the sexual harassment and requesting the transfer.

37. On July 21, 2023, after enduring more sexual harassment, Plaintiff was forced to leave his position as the work environment became unbearable and unsafe after Mr. Miller threatened to physically harm Plaintiff.

38. Defendants are liable under Title VII because (1) Plaintiff's harasser held a managerial role; (2) Defendants failed to take any action in response to Plaintiff's multiple reports of unlawful sexual harassment; and (3) Defendants retaliated against Plaintiff for engaging in protected activity by only offering a transfer that paid considerably less.

39. As a direct and proximate result of Defendants' conduct, Plaintiff was repeatedly subjected to sexual harassment, which caused Plaintiff excruciating mental anguish and fear.

40. Moreover as a result of Defendants' conduct, Plaintiff suffered loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, decreased self-esteem, financial distress, and loss of enjoyment of life.

41. As a result of the loss of income, Plaintiff became homeless for an extended period

of time and was forced to rely on government assistance for basic necessities such as housing and food.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)
### (Both Defendants)

42. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII.

44. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex (male).

45. Defendants knew or should have known of the sexual harassment as Plaintiff repeatedly reported the same to Defendants.

46. As set forth above, Defendants subjected Plaintiff to unwelcomed sexual harassment by repeatedly failing to take any action in response to Plaintiff's complaints of Mr. Mueller's unwelcomed sexually charged conduct.

47. The sexual harassment was unwelcomed, offensive, and offended Plaintiff.

48. As set forth above, the sexual harassment was severe and pervasive.

49. The unwanted sexual harassment was objectively and subjectively offensive and would have offended any reasonable person in Plaintiff's shoes.

50. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

51. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

**(Both Defendants)**

52. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex in violation of Title VII.

54. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex (male).

55. As set forth above, Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (females). Specifically, as set forth above, Defendants repeatedly failed to investigate Plaintiff's sexual harassment complaints simply because he was a male while simultaneously thoroughly investigating any sexual harassment complaints brought by females.

57. Moreover, employees outside of Plaintiff's protected class were not subjected to pervasive sexual harassment, retaliatory wage decreases, and/or constructive discharge.

58. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

59. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

### COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Hostile Work Environment)
### (Both Defendants)

60. Plaintiff repeats and re-alleges all the previous Paragraphs as though fully set forth herein.

61. "In order to establish a prima facie case of hostile environment sexual harassment, a plaintiff must show that: (1) he was subjected to unwelcome sexual harassment in the form of

7

sexual advances, requests for sexual favors or other verbal or physical contact of a sexual nature; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability." *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998).

62. As set forth above, Defendant subjected Plaintiff to unwelcomed sexual harassment by repeatedly failing to take any action in response to Plaintiff's complaints of Mr. Mueller's unwelcomed sexually charged conduct.

63. Defendants' failure to act resulted in continued sexual harassment by Mr. Mueller.

64. As set forth above, the sexual harassment was severe and pervasive and lasted for months.

65. Moreover, the sexual harassment was committed by Plaintiff's manager and therefore the harassment created an offensive, intimidating, and hostile work environment for Plaintiff.

66. There is a basis for employer liability because (1) Plaintiff's harasser held a managerial role; and (2) Defendants failed to take any action in response to Plaintiff's multiple reports of unlawful sexual harassment.

67. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

### COUNT IV
### Violation of Title VII of the Civil Rights Act
### (Retaliation)
### (Against Both Defendants)

68. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

69. Plaintiff is a member of a protected class under Title VII.

70. As set forth above, Plaintiff complained of and reported the sexual harassment to Defendants.

71. By reporting the sexual harassment, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants.

72. Despite having knowledge of the sexual harassment, Defendant failed to investigate Plaintiff's complaint(s) or take any remedial measures.

73. Instead, Defendants retaliated against Plaintiff by offering him a transfer that paid significantly less instead of providing Plaintiff with a comparable transfer.

74. But for Plaintiff complaining of the sexual harassment, Defendants would have offered Plaintiff a comparable transfer.

75. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

76. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff requests the following relief

   a. Judgment in Plaintiff's favor and against Defendants;

   b. An award of back pay and benefits;

   c. An award of interest on back pay and benefits;

   d. An award of front pay and benefits;

   e. An award of compensatory damages for emotional distress and pain and suffering;

   f. An award of pre-judgment and post-judgment interest;

   g. An award of liquidated damages;

   h. An award of punitive damages;

   i. An award of reasonable attorney's fees and costs; and

  j.  Any further relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 9, 2024          Respectfully Submitted,

                       /s/ *Mohammed O. Badwan*
                       Mohammed O. Badwan, Esq.
                       Sulaiman Law Group, Ltd.
                       2500 S. Highland Ave., Ste. 200
                       Lombard, IL 60148
                       Phone (630) 575-8180
                       mbadwan@sulaimanlaw.com
                       *Counsel for Plaintiff*