UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DIAZ, ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:24-cv-01168 |
| ) | |
| v. ) | |
| ) | |
| ) | Hon. Judge Andrea R. Wood |
| PEOPLEREADY, INC., AND J.B. HUNT ) | |
| TRANSPORT, INC., ) | |
| ) | |
| Defendants. ) | Magistrate Judge Keri L. Holleb |
| ) | |

## PEOPLEREADY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant, PeopleReady, Inc. (hereinafter referred to as "PeopleReady"), by and through its undersigned counsel, Paul W. Daugherity and Stephen Leuhrs of Kaufman Dolowich, and for its answer to Plaintiff's Complaint, states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.* ("Title VII") for sexual harassment, sex-based discrimination, and hostile environment.

**ANSWER:** **The allegations in Paragraph 1 are the legal conclusions of Plaintiff, and no answer is required. To the extent that an answer is required, PeopleReady denies all allegations and legal conclusions contained in Paragraph 1.**

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Civil Rights Act of 1964 is a federal statute.

1

**ANSWER:** **The allegations in Paragraph 2 are the legal conclusions of Plaintiff, and no answer is required. To the extent that an answer is required, PeopleReady denies all allegations and legal conclusions contained in Paragraph 2.**

3. Venue in this district is proper under 28 U.S.C. §1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiffs claims occurred in this judicial district.

**ANSWER:** **The allegations in Paragraph 3 are the legal conclusions of Plaintiff, and no answer is required. To the extent that an answer is required, PeopleReady denies all allegations and legal conclusions contained in Paragraph 3.**

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII have been satisfied.

**ANSWER:** **The allegations in Paragraph 4 are the legal conclusions of Plaintiff, and no answer is required. To the extent that an answer is required, PeopleReady denies all allegations and legal conclusions contained in Paragraph 4.**

5. Plaintiff filed a charge against People Ready alleging violations of Title VII with the Equal Employment Opportunity Commission ("EEOC") *See* attached Exhibit A.

**ANSWER:** **PeopleReady admits that a document attached as Exhibit A is titled, "Charge of Discrimination". PeopleReady admits that Plaintiff filed a Charge of Discrimination against it with the EEOC.**

6. Plaintiff received a Notice of Right to Sue from the EEOC as to People Ready and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

**ANSWER:** **PeopleReady admits that a document attached as Exhibit B is titled, "Dismissal and Notice of Rights". PeopleReady answers that the document speaks for itself and denies all allegations and legal conclusions contained in Paragraph 6.**

7. Plaintiff filed a charge against J.B. Hunt alleging violations of Title VII with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit C.

**ANSWER:** **The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed against PeopleReady. To the extent that any allegation and/or legal conclusions contained in Paragraph 7 can be construed and/or considered to be directed against PeopleReady, PeopleReady denies the same.**

8. Plaintiff received a Notice of Right to Sue from the EEOC as to J.B. Hunt and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit D.

**ANSWER:** **The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed against PeopleReady. To the extent that any allegation and/or legal conclusions contained in Paragraph 8 can be construed and/or considered to be directed against PeopleReady, PeopleReady denies the same.**

## PARTIES

9. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Will County, Illinois.

**ANSWER:** **The allegations contained in Paragraph 9 of Plaintiff's Complaint are not directed against PeopleReady. To the extent that any allegation and/or legal conclusion contained in Paragraph 9 can be construed and/or considered to be directed against PeopleReady, PeopleReady denies the same.**

10. Defendant People Ready is a staffing agency that assigns its employees to perform services for third parties in different states, including Illinois. Defendant has facilities in Illinois and does business in Illinois.

**ANSWER:** **PeopleReady admits that it is a staffing agency that assigns its employees to jobs at customers' jobsites. PeopleReady admits that it has offices in Illinois.**

11. Defendant J.B. Hunt is a prominent transportation and logistics company that operates a facility located in Bedford Park, Illinois, where Plaintiff was employed by J.B. Hunt.

**ANSWER:** **The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed against PeopleReady. To the extent that any allegation and/or legal conclusion contained in Paragraph 11 can be construed and/or considered to be directed against PeopleReady, PeopleReady denies the same.**

12. Plaintiff was employed by Defendants as an "employee" as defined by 42 U.S.C. §2000e(f).

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 12 of Plaintiff's Complaint.**

13. At all times relevant, People Ready had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER:** **PeopleReady admits it has at least fifteen (15) employees. The remaining allegations contained in Paragraph 13 of Plaintiff's Complaint call for a legal conclusion and PeopleReady therefore denies them.**

14. At all times relevant, J.B. Hunt had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER:** **The allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed against PeopleReady. To the extent that any allegation and/or legal conclusion contained in Paragraph 14 can be construed and/or considered to be directed against PeopleReady, PeopleReady denies the same.**

## FACTUAL ALLEGATIONS

15. Plaintiff was assigned by People Ready to work as a manager trainer at J.B. Hunt in September 2022.

**ANSWER:** **PeopleReady denies the allegations contained in Paragraph 15.**

16. People Ready maintained control and supervision over Plaintiff because as a staffing agency, People Ready was in control of finding job placements and job opportunities for Plaintiff, decided which jobs were presented and offered to Plaintiff, acted as a liaison between Plaintiff and J.B. Hunt, and communicated on behalf of Plaintiff.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 16.**

17. Moreover, People Ready maintained control and supervision over Plaintiff because People Ready initially vetted Plaintiff for the specific skills and experience that J.B. Hunt needed to fill a critical internal role in J. B. Hunt's operations.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 17.**

18. J. B. Hunt also exercised significant control and supervision over Plaintiff as Plaintiff worked in J.B. Hunt's facility under the supervision of J. B. Hunt managers.

**ANSWER:** **The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed against PeopleReady. To the extent that any allegation and/or legal conclusion contained in Paragraph 18 can be construed and/or considered to be directed against PeopleReady, PeopleReady denies the same.**

19. Moreover, J.B. Hunt vetted and trained Plaintiff for the specific skills and experience that J.B. Hunt needed to fill a critical internal role in their operations.

**ANSWER:** **The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed against PeopleReady. To the extent that any allegation and/or legal conclusion contained in Paragraph 19 can be construed and/or considered to be directed against PeopleReady, PeopleReady denies the same.**

20. J.B. Hunt assigned Plaintiff's day-to-day tasks and job responsibilities, supervised Plaintiffs duties, controlled and issued Plaintiff's schedule, bore the costs of operation of the facility in which Plaintiff worked, promulgated policies and procedures that Plaintiff was subject to, and had the ability to determine the length of Plaintiff's job commitment.

**ANSWER:** **The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed against PeopleReady. To the extent that any allegation and/or legal conclusion contained in Paragraph 20 can be construed and/or considered to be directed against PeopleReady, PeopleReady denies the same.**

21. Plaintiff met or exceeded Defendants' performance expectations during his joint employment with Defendants.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 21.**

22. Plaintiff is male and is a member of a protected class because of his sex (male).

**ANSWER:** **PeopleReady admits that Plaintiff is male. PeopleReady denies all remaining allegations and/or legal conclusions contained in Paragraph 22 of Plaintiff's Complaint**

23. Other similarly situated employees outside of Plaintiff's protected class were not subject to the same disparate treatment as Plaintiff.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 23.**

24. On or about November 11, 2022, Kurt Mueller (J.B. Hunt Yard Supervisor) began making inappropriate inquiries/comments about Plaintiff's private parts (penis).

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 24.**

25. Mr. Miller's inappropriate inquiries/comments were incessant and had no boundaries.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 25.**

26. Specifically, in one incident, Mr. Miller made inquiries about Plaintiff's private parts to Plaintiff's wife (size and other physical characteristics of Plaintiff's penis).

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 26.**

27. Mr. Mueller continued making inappropriate inquiries/comments regarding Plaintiff's private parts Plaintiff on a daily basis.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 27.**

28. Plaintiff's private parts became the central focus of Mr. Miller's conversations, and he even gave Plaintiff the derogatory nickname "Clifford" in reference to his private parts.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 28.**

29. In one distasteful incident, Mr. Miller put Plaintiff on the schedule as "Clifford."

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 29.**

30. Plaintiff repeatedly reported Mr. Miller's abhorrent conduct to J.B. Hunt and People Ready.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 30.**

31. In response to each complaint/report, Defendants failed to take any action, therefore subjecting Plaintiff to additional sexual harassment.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 31.**

32. Defendants failed to take any action because Plaintiff is a male and Defendants fostered a workplace environment where males were expected to tolerate sexual harassment.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 32.**

33. Specifically, sexual harassment complaints submitted by females were thoroughly addresses and investigated by Defendants while sexual harassment complaints submitted by males were ignored and trivialized.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 33. By way of further answer, PeopleReady states that it investigates all complaints of sexual harassment submitted to it, without consideration of the sex of the reporting party.**

34. On or around April 24, 2023, in an effort escape the pervasive sexual harassment, Plaintiff requested that People Ready transfer him to another comparable position.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 34.**

35. In response to Plaintiffs reasonable request, People Ready offered him an assignment that paid significantly less (at least $400/week less).

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 35.**

36. Plaintiff did not accept the unfair assignment as he felt he was being punished for reporting the sexual harassment and requesting the transfer.

**ANSWER:** **PeopleReady lacks sufficient knowledge to either admit or deny the allegations and legal conclusions contained in Paragraph 36.**

37. On July 21, 2023, after enduring more sexual harassment, Plaintiff was forced to leave his position as the work environment became unbearable and unsafe after Mr. Miller threatened to physically harm Plaintiff.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 37.**

38. Defendants are liable under Title VII because (1) Plaintiffs harasser held a managerial role; (2) Defendants failed to take any action in response to Plaintiffs multiple reports of unlawful sexual harassment; and (3) Defendants retaliated against Plaintiff for engaging in protected activity by only offering a transfer that paid considerably less.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 38.**

39. As a direct and proximate result of Defendants' conduct, Plaintiff was repeatedly subjected to sexual harassment, which caused Plaintiff excruciating mental anguish and fear.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 39.**

40. Moreover as a result of Defendants' conduct, Plaintiff suffered loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, decreased self-esteem, financial distress, and loss of enjoyment of life.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 40.**

41. As a result of the loss of income, Plaintiff became homeless for an extended period of time and was forced to rely on government assistance for basic necessities such as housing and food.

**ANSWER:** **PeopleReady lacks information to admit or deny the allegations contained in Paragraph 41, and therefore denies the same and demands strict proof thereof.**

### COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)
### (Both Defendants)

42. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully states herein.

**ANSWER:** **PeopleReady restates and incorporates by reference its answers to all the preceding paragraphs as though fully set forth herein, as its answer to Count I, Paragraph 42.**

43. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 43.**

44. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex (male).

**ANSWER:** **The allegations in Paragraph 44 are the legal conclusions of Plaintiff and no response is required. To the extent a response is required, PeopleReady admits that Plaintiff is a male but denies all remaining allegations and legal conclusions contained in Paragraph 44.**

45. Defendants knew or should have known of the sexual harassment as Plaintiff repeatedly reported the same to Defendants.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 45.**

46. As set forth above, Defendants subjected Plaintiff to unwelcomed sexual harassment by repeatedly failing to take any action in response to Plaintiff's complaints of Mr. Mueller's unwelcomed sexually charged conduct.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 46.**

47. The sexual harassment was unwelcomed, offensive, and offended Plaintiff.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 47.**

48. As set forth above, the sexual harassment was severe and pervasive.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 48.**

49. The unwanted sexual harassment was objectively and subjectively offensive and would have offended any reasonable person in Plaintiff's shoes.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 49.**

50. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 50.**

51. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 51.**

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)
### (Both Defendants)

52. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:** **PeopleReady restates and incorporates by reference its answers to all the preceding paragraphs as though fully set forth herein, as its answer to Count II, Paragraph 52.**

53. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiffs sex in violation of Title VII.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 53.**

54. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex (male).

**ANSWER:** **The allegations in Paragraph 54 are the legal conclusions of Plaintiff and no response is required. To the extent a response is required, PeopleReady admits that Plaintiff is a male but denies all remaining allegations and legal conclusions contained in Paragraph 54.**

55. As set forth above, Plaintiff met or exceeded performance expectations.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 55.**

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiffs protected class (females). Specifically, as set forth above, Defendants repeatedly failed

to investigate Plaintiffs sexual harassment complaints simply because he was a male while simultaneously thoroughly investigating any sexual harassment complaints brought by females.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 56. By way of further answer, PeopleReady states that it investigates all complaints of sexual harassment submitted to it, without consideration of the sex of the reporting party.**

57. Moreover, employees outside of Plaintiffs protected class were not subjected to pervasive sexual harassment, retaliatory wage decreases, and/or constructive discharge.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 57.**

58. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 58.**

59. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 59.**

### COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Hostile Work Environment)
### (Both Defendants)

60. Plaintiff repeats and re-alleges all the previous Paragraphs as though fully set forth herein.

**ANSWER:** **PeopleReady restates and incorporates by reference its answers to all the preceding paragraphs as though fully set forth herein, as its answer to Count III, Paragraph 60.**

61. "In order to establish a prima facie case of hostile environment sexual harassment, a plaintiff must show that: (1) he was subjected to unwelcome sexual harassment in the form of

sexual advances, requests for sexual favors or other verbal or physical contact of a sexual nature; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiffs work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability." *Parkins v. Civil Constructors of Illinois, Inc.,* 163 F.3d 1027, 1032 (7th Cir. 1998).

**ANSWER:** **The allegations in Paragraph 61 are the legal conclusions of Plaintiff and no response is required. To the extent a response is required, PeopleReady denies all allegations and legal conclusions contained in Paragraph 61.**

62. As set forth above, Defendant subjected Plaintiff to unwelcomed sexual harassment by repeatedly failing to take any action in response to Plaintiffs complaints of Mr. Mueller's unwelcomed sexually charged conduct.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 62.**

63. Defendants' failure to act resulted in continued sexual harassment by Mr. Mueller.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 63.**

64. As set forth above, the sexual harassment was severe and pervasive and lasted for months.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 64.**

65. Moreover, the sexual harassment was committed by Plaintiff's manager and therefore the harassment created an offensive, intimidating, and hostile work environment for Plaintiff.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 65.**

66. There is a basis for employer liability because (1) Plaintiff's harasser held a managerial role; and (2) Defendants failed to take any action in response to Plaintiff's multiple reports of unlawful sexual harassment.

**ANSWER: The allegations in Paragraph 66 are the legal conclusions of Plaintiff and no response is required. To the extent a response is required, PeopleReady denies all allegations and legal conclusions contained in Paragraph 66.**

67. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**ANSWER: PeopleReady denies all allegations and legal conclusions contained in Paragraph 67.**

### COUNT IV
### Violation of Title VII of the Civil Rights Act
### (Retaliation)
### (Against Both Defendants)

68. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER: PeopleReady restates and incorporates by reference its answers to all the preceding paragraphs as though fully set forth herein, as its answer to Count IV, Paragraph 68.**

69. Plaintiff is a member of a protected class under Title VII.

**ANSWER: The allegations in Paragraph 69 are the legal conclusions of Plaintiff and no response is required. To the extent a response is required, PeopleReady admits that Plaintiff is a male, but denies all remaining allegations and legal conclusions contained in Paragraph 69.**

70. As set forth above, Plaintiff complained of and reported the sexual harassment to Defendants.

**ANSWER: PeopleReady denies all allegations and legal conclusions contained in Paragraph 70.**

71. By reporting the sexual harassment, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants.

**ANSWER:** **The allegations in Paragraph 71 are the legal conclusions of Plaintiff and no response is required. To the extent a response is required, PeopleReady denies all allegations and legal conclusions contained in Paragraph 71.**

72. Despite having knowledge of the sexual harassment, Defendant failed to investigate Plaintiff's complaint(s) or take any remedial measures.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 72.**

73. Instead, Defendants retaliated against Plaintiff by offering him a transfer that paid significantly less instead of providing Plaintiff with a comparable transfer.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 73.**

74. But for Plaintiff complaining of the sexual harassment, Defendants would have offered Plaintiff a comparable transfer.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 74.**

75. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 75.**

76. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**ANSWER:** **PeopleReady denies all allegations and legal conclusions contained in Paragraph 76.**

WHEREFORE, Defendant, PeopleReady, Inc. denies that Plaintiff, David Diaz, is entitled to damages or any other relief against it and requests that the Complaint be dismissed, and prays for costs so wrongfully sustained, and any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 3 8(b), Defendant PeopleReady, Inc., demands a trial by jury.

## AFFIRMATIVE DEFENSES

NOW COMES DEFENDANT, PEOPLEREADY, INC. (hereinafter referred to as "PeopleReady"), by and through its undersigned attorneys, Paul W. Daugherity and Stephen Luehrs of Kaufman Dolowich, LLP, and pleading in the alternative, raises the following Affirmative Defenses in furtherance of the Answer to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

For PeopleReady's First Affirmative Defense to Plaintiff's Complaint, PeopleReady respectfully states:

1. Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

For PeopleReady's Second Affirmative Defense to Plaintiff's Complaint, PeopleReady respectfully states:

1. Plaintiff failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

For PeopleReady's Third Affirmative Defense to Plaintiff's Complaint, PeopleReady respectfully states:

1. To the extent PeopleReady is adjudged liable to Plaintiff, PeopleReady is entitled to an apportionment of and/or set-off of any damage amount equal to the proportional fault of any other person or entity.

**FOURTH AFFIRMATIVE DEFENSE**

For PeopleReady's Fourth Affirmative Defense to Plaintiff's Complaint, PeopleReady respectfully states:

1. On or about July 7, 2021, Plaintiff executed an "At-Will Employment & Dispute Resolution Agreement" with PeopleReady.

2. Plaintiff's claims are barred by his At-Will Employment & Dispute Resolution Agreement with PeopleReady.

**FIFTH AFFIRMATIVE DEFENSE**

For PeopleReady's Fifth Affirmative Defense to Plaintiff's Complaint, People Ready respectfully states:

1. Before and at the time and place of the alleged occurrence and/or incidents made the subject of Plaintiff's Complaint, PeopleReady did not manage, operate, or have the right to manage, or operate or have the right to manage or operate the employees at J.B. Hunt Transport, Inc.

**SIXTH AFFIRMATIVE DEFENSE**

For PeopleReady's Sixth Affirmative Defense to Plaintiff's Complaint, People Ready respectfully states:

1. Plaintiff was not performing his job satisfactorily and did not comply with the requirements and expectations of his position.

**SEVENTH AFFIRMATIVE DEFENSE**

For PeopleReady's Seventh Affirmative Defense to Plaintiff's Complaint, People Ready respectfully states:

1. Plaintiff was disciplined and eventually terminated from his position for legitimate business reasons.

**EIGHTH AFFIRMATIVE DEFENSE**

For PeopleReady's Eighth Affirmative Defense to Plaintiff's Complaint, People Ready respectfully states:

1. Plaintiff failed to exhaust administrative remedies, including, but not limited to, PeopleReady's internal administrative policies and procedures.

**NINTH AFFIRMATIVE DEFENSE**

For PeopleReady's Ninth Affirmative Defense to Plaintiff's Complaint, People Ready respectfully states:

1. Before and at the time and place of the alleged occurrence made the subject of Plaintiff's Complaint, PeopleReady did not control, manage, operate, or have the right to control, manage, or operate the J.B. Hunt Transport, Inc. location at issue.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant, PEOPLEREADY, INC., denies that Plaintiff, DAVID DIAZ, is entitled to damages or any other relief against it and requests that the Complaint be dismissed, and prays for costs so wrongfully sustained, and any other relief this Court deems reasonable and just.

Dated: March 4, 2024.                    Respectfully submitted,

By: */s/ Paul W. Daugherity*
Paul W. Daugherity
Stephen Luehrs
KAUFMAN DOLOWICH LLP
30 N. LaSalle Street, Suite 1700
Chicago, IL 60602
T: (312) 759-1400
F: (312) 759-0402
Email: pdaugherity@kaufmandolowich.com
Email: stephen.luehrs@kaufmandolowich.com
***Attorneys for Defendant PeopleReady, Inc.***