## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DAVID DIAZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PEOPLEREADY, INC., and J.B. HUNT<br>TRANSPORT, INC.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01168<br><br>Honorable Andrea R. Wood |

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant J.B. Hunt Transport, Inc. (Defendant), by and through its undersigned counsel, for its Answer and Affirmative Defenses in response to Plaintiffs' Complaint, states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

l.　　Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seg. ("Title VII") for sexual harassment, sex-based discrimination, and hostile environment.

**RESPONSE:**　　J.B. Hunt admits that Plaintiff brings this action under Title VII but denies any liability thereunder.

### JURISDICTION AND VENUE

2.　　This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Civil Rights Act of 1964 is a federal statute.

**RESPONSE:** The allegations contained in Paragraph 2 of the Complaint are legal conclusions which do not require an answer. To the extent an answer is required, J.B. Hunt denies the allegations.

3. Venue in this district is proper under 28 U.S.C. §1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**RESPONSE:** The allegations contained in Paragraph 3 of the Complaint are legal conclusions which do not require an answer. To the extent an answer is required, J.B. Hunt states that the work performed by Plaintiff occurred in this judicial district. J.B. Hunt denies the remaining allegations in Paragraph 3 of the Complaint.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII have been satisfied.

**RESPONSE:** The allegations contained in Paragraph 4 of the Complaint are legal conclusions that do not require an answer. To the extent an answer is required, J.B. Hunt denies the allegations.

5. Plaintiff filed a charge against People Ready alleging violations of Title VII with the Equal Employment Opportunity Commission ("EEOC") See attached Exhibit A.

2

**RESPONSE:** J.B. Hunt makes no answer to the allegations contained in Paragraph 5 of the Complaint as the allegations are not directed against J.B. Hunt. To the extent an answer is required, J.B. Hunt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies those allegations.

6.      Plaintiff received a Notice of Right to Sue from the EEOC as to People Ready and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. See attached Exhibit B.

**RESPONSE:** J.B. Hunt makes no answer to the allegations contained in Paragraph 6 of the Complaint as the allegations are not directed against J.B. Hunt. To the extent an answer is required, J.B. Hunt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies those allegations.

7.      Plaintiff filed a charge against J.B. Hunt alleging violations of Title VII with the Equal Employment Opportunity Commission ("EEOC"). See attached Exhibit C.

**RESPONSE:** J.B. Hunt admits the allegations in Paragraph 7 of the Complaint.

8.      Plaintiff received a Notice of Right to Sue from the EEOC as to J.B. Hunt and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. See attached Exhibit D.

**RESPONSE:** J.B. Hunt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies those allegations.

PARTIES

9. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Will County, Illinois.

**RESPONSE:** J.B. Hunt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies those allegations.

10. Defendant People Ready is a staffing agency that assigns its employees to perform services for third parties in different states, including Illinois. Defendant has facilities in Illinois and does business in Illinois.

**RESPONSE:** J.B. Hunt makes no answer to the allegations contained in Paragraph 10 of the Complaint as the allegations are not directed against J.B. Hunt. To the extent an answer is required, J.B. Hunt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies those allegations.

11. Defendant J.B. Hunt is a prominent transportation and logistics company that operates a facility located in Bedford Park, Illinois, where Plaintiff was employed by J.B. Hunt.

**RESPONSE:** J.B. Hunt admits it is a transportation and logistics company with a facility in Bedford Park, Illinois. J.B. Hunt denies the remaining allegations in Paragraph 11 of the Complaint.

12. Plaintiff was employed by Defendants as an "employee" as defined by 42 U.S.C §2000e(f).

**RESPONSE:** The allegations contained in Paragraph 12 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, J.B. Hunt denies those allegations.

13. At all times relevant, People Ready had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**RESPONSE:** J.B. Hunt makes no answer to the allegations contained in Paragraph 13 of the Complaint as the allegations are not directed against J.B. Hunt. To the extent an answer is required, J.B. Hunt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies those allegations.

14. At all times relevant, J.B. Hunt had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**RESPONSE:** The allegations contained in Paragraph 14 of the Complaint are legal conclusions to which no answer is required. To the extent an

answer is required, J.B. Hunt admits the allegations contained in Paragraph 14 of the Complaint.

FACTUAL ALLEGATIONS

15.     Plaintiff was assigned by People Ready to work as a manager trainer at J.B. Hunt in September 2022.

**RESPONSE:**     J.B. Hunt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies those allegations.

16.     People Ready maintained control and supervision over Plaintiff because as a staffing agency, People Ready was in control of finding job placements and job opportunities for Plaintiff, decided which jobs were presented and offered to Plaintiff, acted as a liaison between Plaintiff and J.B. Hunt, and communicated on behalf of Plaintiff.

**RESPONSE:**     J.B. Hunt makes no answer to the allegations contained in Paragraph 16 of the Complaint as the allegations are not directed against J.B. Hunt and the allegations are legal conclusions to which no answer is required. To the extent an answer is required, J.B. Hunt states that on information and belief the allegations in Paragraph 16 are admitted.

17.     Moreover, People Ready maintained control and supervision over Plaintiff because People Ready initially vetted Plaintiff for the specific skills and

experience that J.B. Hunt needed to fill a critical internal role in J. B. Hunt's operations.

**RESPONSE:** J.B. Hunt makes no answer to the allegations contained in Paragraph 17 of the Complaint as the allegations are not directed against J.B. Hunt and the allegations are legal conclusions to which no answer is required. To the extent an answer is required, J.B. Hunt denies that Plaintiff filled a critical internal role in J.B. Hunt's operations and, on information and belief, admits the remaining allegations in Paragraph 17 of the Complaint.

18. J. B. Hunt also exercised significant control and supervision over Plaintiff as Plaintiff worked in J.B. Hunt's facility under the supervision of J. B. Hunt managers.

**RESPONSE:** The allegations contained in Paragraph 18 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, J.B. Hunt states that Plaintiff worked with J.B. Hunt managers. J.B. Hunt denies the remaining allegations in Paragraph 18 of the Complaint.

19. Moreover, J.B. Hunt vetted and trained Plaintiff for the specific skills and experience that J.B. Hunt needed to fill a critical internal role in their operations.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 19 of the Complaint.

20.     J.B. Hunt assigned Plaintiff's day-to-day tasks and job responsibilities, supervised Plaintiff's duties, controlled and issued Plaintiff's schedule, bore the costs of operation of the facility in which Plaintiff worked, promulgated policies and procedures that Plaintiff was subject to, and had the ability to determine the length of Plaintiff's job commitment.

**RESPONSE:**     J.B. Hunt admits that it bore the costs of operations at the facility in Bedford Park, Illinois, at which PeopleReady assigned Plaintiff to work and based on requirements of the Department of Transportation and its agencies, had policies and procedures that applied to workers at the facility, including Plaintiff. Further, J.B. Hunt admits that, within the parameters of J.B. Hunt's contract with PeopleReady and Plaintiff's employment by PeopleReady, J.B. Hunt scheduled Plaintiff to work, managed his duties while he was on J.B. Hunt's property, and could request that PeopleReady remove him from the roster of workers it made available to J.B. Hunt to work in the Bedford Park, Illinois facility. J.B. Hunt denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Plaintiff met or exceeded Defendants' performance expectations during his joint employment with Defendants.

**RESPONSE:**     J.B. Hunt denies the allegations contained in Paragraph 21 of the Complaint.

22.     Plaintiff is male and is a member of a protected class because of his sex (male).

8

**RESPONSE:** J.B. Hunt admits that Plaintiff is male. The remaining allegation in Paragraph 22 of the Complaint is a legal conclusion to which no answer is required. To the extent an answer is required, J.B. Hunt denies the allegation.

23. Other similarly situated employees outside of Plaintiff's protected class were not subject to the same disparate treatment as Plaintiff.

**RESPONSE:** The allegations contained in Paragraph 23 are legal conclusions to which a response is not required. To the extent an answer is required, J.B. Hunt states that its employees were not subject to disparate treatment. J.B. Hunt denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. On or about November 11, 2022, Kurt Mueller (J.B. Hunt Yard Supervisor) began making inappropriate inquiries/comments about Plaintiffs private parts (penis).

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 24 of the Complaint.

25. Mr. Miller's inappropriate inquiries/comments were incessant and had no boundaries.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 25 of the Complaint.

26.     Specifically, in one incident, Mr. Miller made inquiries about Plaintiff's private parts to Plaintiff's wife (size and other physical characteristics of Plaintiff's penis).

**RESPONSE:**      J.B. Hunt denies the allegations contained in Paragraph 26 of the Complaint.

27.     Mr. Mueller continued making inappropriate inquiries/comments regarding Plaintiffs private parts Plaintiff on a daily basis.

**RESPONSE:**      J.B. Hunt denies the allegations contained in Paragraph 27 of the Complaint.

28.     Plaintiff's private parts became the central focus of Mr. Miller's conversations, and he even gave Plaintiff the derogatory nickname "Clifford" in reference to his private parts.

**RESPONSE:**      J.B. Hunt denies the allegations contained in Paragraph 28 of the Complaint.

29.     In one distasteful incident, Mr. Miller put Plaintiff on the schedule as "Clifford."

**RESPONSE:**      J.B. Hunt denies the allegations contained in Paragraph 29 of the Complaint.

30.     Plaintiff repeatedly reported Mr. Miller's abhorrent conduct to J.B. Hunt and People Ready.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 30 of the Complaint.

31. In response to each complaint/report, Defendants failed to take any action, therefore subjecting Plaintiff to additional sexual harassment.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendants failed to take any action because Plaintiff is a male and Defendants fostered a workplace environment where males were expected to tolerate sexual harassment.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 32 of the Complaint.

33. Specifically, sexual harassment complaints submitted by females were thoroughly addresses and investigated by Defendants while sexual harassment complaints submitted by males were ignored and trivialized.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 33 of the Complaint.

34. On or around April 24, 2023, in an effort escape the pervasive sexual harassment, Plaintiff requested that People Ready transfer him to another comparable position.

**RESPONSE:** J.B. Hunt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies those allegations.

35. In response to Plaintiff's reasonable request, People Ready offered him an assignment that paid significantly less (at least $400/week less).

**RESPONSE:** J.B. Hunt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies those allegations.

36. Plaintiff did not accept the unfair assignment as he felt he was being punished for reporting the sexual harassment and requesting the transfer.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 36 of the Complaint.

37. On July 21, 2023, after enduring more sexual harassment, Plaintiff was forced to leave his position as the work environment became unbearable and unsafe after Mr. Miller threatened to physically harm Plaintiff.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendants are liable under Title VII because (1) Plaintiff's harasser held a managerial role; (2) Defendants failed to take any action in response to Plaintiff's multiple reports of unlawful sexual harassment; and (3) Defendants

retaliated against Plaintiff for engaging in protected activity by only offering a transfer that paid considerably less.

**RESPONSE:**  J.B. Hunt denies the allegations contained in Paragraph 38 of the Complaint.

39.   As a direct and proximate result of Defendants' conduct, Plaintiff was repeatedly subjected to sexual harassment, which caused Plaintiff excruciating mental anguish and fear.

**RESPONSE:**  J.B. Hunt denies the allegations contained in Paragraph 39 of the Complaint.

40.   Moreover as a result of Defendants' conduct, Plaintiff suffered loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, decreased self-esteem, financial distress, and loss of enjoyment of life.

**RESPONSE:**  J.B. Hunt denies the allegations contained in Paragraph 40 of the Complaint.

41.   As a result of the loss of income, Plaintiff became homeless for an extended period of time and was forced to rely on government assistance for basic necessities such as housing and food.

**RESPONSE:**  J.B. Hunt denies the allegations contained in Paragraph 41 of the Complaint.

<u>**COUNT I**</u>
Violation of Title VII of the Civil Rights Act
(Sexual Harassment)
(Both Defendants)

42.     Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

**RESPONSE:**     J.B. Hunt realleges and restates its answers to all preceding Paragraphs as if more fully restated herein

43.     By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII.

**RESPONSE:**     J.B. Hunt denies the allegations contained in Paragraph 43 of the Complaint.

44.     Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex (male).

**RESPONSE:**     J.B. Hunt admits that Plaintiff is male.  The remaining allegations in Paragraph 44 of the Complaint are legal conclusions to which no answer is required.  To the extent an answer is required, J.B. Hunt denies those allegations.

45.     Defendants knew or should have known of the sexual harassment as Plaintiff repeatedly reported the same to Defendants.

14

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 45 of the Complaint.

46. As set forth above, Defendants subjected Plaintiff to unwelcomed sexual harassment by repeatedly failing to take any action in response to Plaintiff's complaints of Mr. Mueller's unwelcomed sexually charged conduct.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 46 of the Complaint.

47. The sexual harassment was unwelcomed, offensive, and offended Plaintiff.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 47 of the Complaint.

48. As set forth above, the sexual harassment was severe and pervasive.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 48 of the Complaint.

49. The unwanted sexual harassment was objectively and subjectively offensive and would have offended any reasonable person in Plaintiffs shoes.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 50 of the Complaint.

51. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 51 of the Complaint.

## COUNT II
Violation of Title VII of the Civil Rights Act of 1964
(Sex-Based Discrimination)
(Both Defendants)

52. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**RESPONSE:** J.B. Hunt realleges and restates its answers to all preceding Paragraphs as if more fully restated herein

53. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiffs sex in violation of Title VII.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 53 of the Complaint.

54. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex (male).

**RESPONSE:** J.B. Hunt admits that Plaintiff is male. The remaining allegations in Paragraph 54 of the Complaint are legal conclusions to which no

answer is required. To the extent an answer is required, J.B. Hunt denies those allegations.

55. As set forth above, Plaintiff met or exceeded performance expectations.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 55 of the Complaint.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiffs protected class (females). Specifically, as set forth above, Defendants repeatedly failed to investigate Plaintiff's sexual harassment complaints simply because he was a male while simultaneously thoroughly investigating any sexual harassment complaints brought by females.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 56 of the Complaint.

57. Moreover, employees outside of Plaintiff's protected class were not subjected to pervasive sexual harassment, retaliatory wage decreases, and/or constructive discharge.

**RESPONSE:** J.B. Hunt admits that its employees were not subjected to pervasive sexual harassment, retaliatory wage decreases and/or constructive discharge. J.B. Hunt denies the remaining allegations in Paragraph 57 of the Complaint.

58.     Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

**RESPONSE:**          J.B. Hunt denies the allegations contained in Paragraph 58 of the Complaint.

59.     As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**RESPONSE:**          J.B. Hunt denies the allegations contained in Paragraph 59 of the Complaint.

## COUNT III
Violation of Title VII of the Civil Rights Act of 1964
(Hostile Work Environment)
(Both Defendants)

60.     Plaintiff repeats and re-alleges all the previous Paragraphs as though fully set forth herein.

**RESPONSE:**          J.B. Hunt realleges and restates its answers to all previous Paragraphs as if more fully restated herein.

61.     "In order to establish a prima facie case of hostile environment sexual harassment, a plaintiff must show that: (1) he was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical contact of a sexual nature; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment

that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability." *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998).

**RESPONSE:** The allegations contained in Paragraph 61 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, J.B. Hunt denies the allegations in Paragraph 61 of the Complaint.

62.     As set forth above, Defendant subjected Plaintiff to unwelcomed sexual harassment by repeatedly failing to take any action in response to Plaintiff's complaints of Mr. Mueller's unwelcomed sexually charged conduct.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants' failure to act resulted in continued sexual harassment by Mr. Mueller.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 63 of the Complaint.

64.     As set forth above, the sexual harassment was severe and pervasive and lasted for months.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 64 of the Complaint.

65. Moreover, the sexual harassment was committed by Plaintiff's manager and therefore the harassment created an offensive, intimidating, and hostile work environment for Plaintiff.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 65 of the Complaint.

66. There is a basis for employer liability because (1) Plaintiff's harasser held a managerial role; and (2) Defendants failed to take any action in response to Plaintiff's multiple reports of unlawful sexual harassment.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 66 of the Complaint.

67. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 67 of the Complaint.

### COUNT IV
Violation of Title VII of the Civil Rights Act
(Retaliation)
(Against Both Defendants)

68. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**RESPONSE:** J.B. Hunt realleges and restates its answers to all preceding Paragraphs as if more fully restated herein

20

69. Plaintiff is a member of a protected class under Title VII.

**RESPONSE:** The allegation contained in Paragraph 69 of the Complaint is a legal conclusion that does not require an answer. To the extent an answer is required, J.B. Hunt denies the allegation.

70. As set forth above, Plaintiff complained of and reported the sexual harassment to Defendants.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 70 of the Complaint.

71. By reporting the sexual harassment, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 71 of the Complaint.

72. Despite having knowledge of the sexual harassment, Defendant failed to investigate Plaintiff's complaint(s) or take any remedial measures.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 72 of the Complaint.

73. Instead, Defendants retaliated against Plaintiff by offering him a transfer that paid significantly less instead of providing Plaintiff with a comparable transfer.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 73 of the Complaint.

74. But for Plaintiff complaining of the sexual harassment, Defendants would have offered Plaintiff a comparable transfer.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 75 of the Complaint.

76. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**RESPONSE:** J.B. Hunt denies the allegations contained in Paragraph 76 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, J.B. Hunt Transport, Inc. (J.B. Hunt) by its attorneys, Scopelitis, Garvin, Light, Hanson & Feary, P.C., for its Affirmative Defenses to Plaintiff's Complaint, states:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff cannot recover damages against J.B. Hunt because Plaintiff was, at all times, employed by PeopleReady.

3.     All actions of which Plaintiff complains were taken for legitimate, non-discriminatory reasons.

4.     Plaintiff voluntarily terminated his working relationship with J.B. Hunt and has therefore not suffered an adverse action.

5.     J.B. Hunt's actions were at all times reasonable and based on a good faith belief that its treatment of Plaintiff was in compliance with federal and state law and was justified for legitimate, non-discriminatory reasons.

6.     To the extent Plaintiff has made allegations that relate to claims based upon matters occurring more than 300 days prior to filing a complaint with the Equal Employment Opportunity Commission, such claims are barred.

7.     To the extent Plaintiff's claims exceed the scope of his Charge of Discrimination filed with the Equal Employment Opportunity Commission, such claims are barred.

8.     This Court lacks jurisdiction over Plaintiff's Complaint, and each cause of action therein, to the extent that Plaintiff's claims are based on facts, events, or allegations that are beyond the scope of any charge of discrimination filed by Plaintiff with the Equal Employment Opportunity Commission or with the Illinois Department of Human Rights.

9.     To the extent Plaintiff seeks punitive damages, Plaintiff has failed to allege sufficient facts to support any such award against J.B. Hunt.

10.     Plaintiff is not entitled to punitive damages because J.B. Hunt did not engage in any unlawful, reckless, or malicious conduct toward Plaintiff or with intent to injury Plaintiff or with knowledge or belief that injury was substantially certain to occur.

11.     Plaintiff's damages, if any, are to be reduced by all income or benefits received by Plaintiff after the termination of his employment.

12.     Plaintiff cannot recover any damages against J.B. Hunt because J.B. Hunt was not Plaintiff's employer.

13.     Defendant reserves the right to assert any affirmative defense not presently known but which becomes apparent during the course of this matter.

Dated: March 28, 2024                                     Respectfully submitted,

                                                          J.B. HUNT TRANSPORT, INC.


                                                          By:/s/  Sara L. Pettinger
                                                                One of its Attorneys

Sara L. Pettinger
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 255-7177
Facsimile: (312) 422-1224
spettinger@scopelitis.com

4873-2502-5709,